UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-487-GW (KK) | | Date | March 20, 2015 |
|---|---|---|---|---|
| Title | JACOB TELLIS V. STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Without Prejudice for Lack of Subject-Matter Jurisdiction

  On March 13, 2015, Petitioner Jacob Tellis filed the instant Petition for a Writ of Habeas Corpus by a Person in State Custody. (ECF Docket No. ("dkt.") 1). According to the Petition, Petitioner is a California state prisoner currently confined in the San Bernardino County Jail. Pet. at 4. In the Petition, Petitioner appears to claim Respondent California Department of Corrections and Rehabilitation ("CDCR") has agreed before a panel of three federal judges to grant "minimum custody inmates" (such as Petitioner) a "two-for-one" custody credit, effective January 1, 2015. Id. at 3. Given this policy, Petitioner claims "anything less in [Petitioner's] case would be gross discriminatory, unreasonable, and a violation of his constitutional rights." Id. at 4-5. Petitioner requests this Court grant him custody credits under the two-for-one policy. Id. at 5.

  In support of his claims, Petitioner attaches a February 24, 2015 decision regarding an inmate grievance he filed with the San Bernardino County Sheriff's Department's Detention and Correction Bureau. Id. at 6. In the grievance, Petitioner appears to have complained the two-for-one custody credit policy was not being applied to his sentence. Id. The San Bernardino County Sheriff's Department appears to have denied the grievance, reasoning it was not cognizable because it did not challenge the conditions of Petitioner's confinement. Id. The Sheriff's Department also noted "if [Petitioner] does qualify for the new credits, he will be notified by the court and the appropriate time will be adjusted and reflect[ed] accordingly in his sentence." Id.

  The exercise of federal subject-matter jurisdiction under the U.S. Constitution depends on the existence of a case or controversy. *United States Nat'l Bank v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-487-GW (KK) | Date | March 20, 2015 |
|---|---|---|---|
| Title | JACOB TELLIS V. STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS | | |

*Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). In particular, the Court has no jurisdiction to review claims unless they are ripe. *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009). The U.S. Supreme Court has explained:

> [The] basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967).

Here, the instant Petition's claims do not appear to be ripe for adjudication. In the Petition, Petitioner does not ever allege he has actually been deprived of custody credits he is entitled to under the two-for-one policy. Indeed, the February 24, 2015 decision attached to the Petition only states Petitioner will be notified if and when he is deemed eligible for credits under the two-for-one policy. See Pet. at 6. Neither the decision nor the Petition indicate Petitioner has been affirmatively told he is ineligible for credits under the two-for-one policy. The Petition also does not allege that the lack of notice from state agencies that he is eligible for the two-for-one policy demonstrates he has been found ineligible. In short, there exists the possibility California state agencies may find Petitioner eligible for credits under the two-for-one policy and grant them to him at some future date.

In addition, Petitioner fails to cite any specific constitution provision that Respondent has allegedly violated in failing to grant him two-for-one custody credits at the present moment.

Thus, in the absence of allegations Respondent has actually denied Petitioner custody credits he is entitled to under a specific constitutional provision, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-487-GW (KK) | Date | March 20, 2015 |
|---|---|---|---|
| Title | JACOB TELLIS V. STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS | | |

the dispute is not yet ripe for adjudication.[1]

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, in writing by **April 3, 2015**, why the Petition should not be dismissed without prejudice for lack of subject-matter jurisdiction. Petitioner shall respond to this Order by electing one of the following two options:

**Option 1:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.**

**Option 2:**

Petitioner may file an Amended Petition for a Writ of Habeas Corpus by a Person in State Custody curing the deficiencies identified above. Namely, the Amended Petition must specify when Petitioner was, in fact, denied custody credits under the two-for-one policy and, what constitutional rights were abridged by this denial. If Petitioner chooses to file an Amended Petition, the Amended Petition should bear the docket number assigned to this case, be labeled "Amended Petition," and be complete in and of itself without reference to the original Petition or any other pleading, attachment, or document.

Petitioner shall have up to and including **April 3, 2015** to respond to this Order. Petitioner is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of the Petition without prejudice.

---

[1] The Court's holding shall not preclude Petitioner from asserting additional allegations in an amended or future petition in support of his claim to custody credits under the two-for-one policy.