1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11    JACOB TELLIS,                            )  Case No. EDCV 15-487-GW(KK)
                                               )
12                        Petitioner,          )
                                               )
13              v.                             )  **MEMORANDUM AND ORDER**
                                               )  **SUMMARILY**
14    STATE OF CALIFORNIA,                     )  **DISMISSING ACTION**
      CALIFORNIA DEPARTMENT                    )
15    OF CORRECTIONS,                          )
                                               )
16                        Respondent.          )
      _____
17
18          On March 13, 2015, Jacob Tellis ("Petitioner"), a California state prisoner

19    proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State

20    Custody (the "Petition"), claiming he is entitled to have custody credits apply to

21    his sentence under a recent policy implemented by Respondent California

22    Department of Corrections and Rehabilitation.  For the reasons discussed below,

23    the Court finds the Petition's claims are not yet ripe for adjudication.

24    Accordingly, the Petition is denied and this action is dismissed without prejudice.

25    ///

26    ///

27    ///

28

# I.

## <u>PROCEDURAL HISTORY</u>

On March 13, 2015, Petitioner filed the instant Petition.  (ECF Docket No. ("dkt.") 1).  According to the Petition, Petitioner is a California state prisoner currently confined in the San Bernardino County Jail.  Pet. at 4.[1]  In the Petition, Petitioner appears to claim Respondent California Department of Corrections and Rehabilitation ("CDCR") has agreed before a panel of three federal judges to grant "minimum custody inmates" (such as Petitioner) a "two-for-one" custody credit, effective January 1, 2015.  <u>Id.</u> at 3.  Given this policy, Petitioner claims "anything less in [Petitioner's] case would be gross discriminatory, unreasonable, and a violation of his constitutional rights."  <u>Id.</u> at 4-5.  Petitioner requests this Court grant him custody credits under the two-for-one policy.  <u>Id.</u> at 5.

In support of his claims, Petitioner attaches a February 24, 2015 decision regarding an inmate grievance he filed with the San Bernardino County Sheriff's Department's Detention and Correction Bureau.  <u>Id.</u> at 6.  In the grievance, Petitioner appears to have complained the two-for-one custody credit policy was not being applied to his sentence.  <u>Id.</u>  The San Bernardino County Sheriff's Department appears to have denied the grievance, reasoning it was not cognizable because it did not challenge the conditions of Petitioner's confinement.  <u>Id.</u>  The Sheriff's Department also noted "if [Petitioner] does qualify for the new credits, he will be notified by the court and the appropriate time will be adjusted and reflect[ed] accordingly in his sentence."  <u>Id.</u>

On March 20, 2015, the Court issued an Order for Petitioner to Show Cause ("OSC") why the Petition should not be dismissed without prejudice for lack of

---

[1] The Court's paginated references to the Petition reflect the page numbers appearing on the top of each page on CM-ECF.

federal subject-matter jurisdiction. (Dkt. 3). The Court reasoned the Petition did not ever allege Petitioner has actually been denied custody credits he claims entitlement to under the two-for-one policy. (Id.). Hence, the Court concluded the Petition did not present claims that are ripe for adjudication. (Id.). Petitioner has failed to file a timely response to the Court's OSC.[2] The matter thus stands submitted and ready for decision.

## II.

## DISCUSSION

The exercise of federal subject-matter jurisdiction under the U.S. Constitution depends on the existence of a case or controversy. United States Nat'l Bank v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). In particular, the Court has no jurisdiction to review claims unless they are ripe. United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009). The U.S. Supreme Court has explained:

> [The] basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967).

Here, the instant Petition's claims do not appear to be ripe for adjudication. In the Petition, Petitioner does not ever allege he has actually been deprived of custody credits he is entitled to under the two-for-one policy. Indeed, the February 24, 2015 decision attached to the Petition only states Petitioner will be

---

[2] By way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be denied.

1  notified if and when he is deemed eligible for credits under the two-for-one policy.

2  See Pet. at 6.  Neither the decision nor the Petition indicate Petitioner has been

3  affirmatively told he is ineligible for credits under the two-for-one policy.  In

4  short, there exists the possibility California state agencies may find Petitioner

5  eligible for credits under the two-for-one policy and grant them to him at some

6  future date.

7       Thus, in the absence of allegations Respondent has actually denied

8  Petitioner custody credits he is entitled to, the Court finds the dispute is not yet

9  ripe for adjudication.[3]

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25       [3] The Court's holding shall not preclude Petitioner from filing a future

26  petition in support of his claim to custody credits under the two-for-one policy if

27  and when he is actually denied these credits.

28                                    4

**III.**

**ORDER**

Based upon the foregoing reasons, the Court finds the Petition must be denied.

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED:        February 2, 2017

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

5